UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 19-62366-CIV-MOORE/HUNT

ERIC JOHN MERCER

        Plaintiff,

v.

ANDREW SAUL,[1]
Commissioner of for the Social Security

        Defendant,
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Defendant's Motion to Dismiss. ECF No. 35. Pursuant to the Clerk's directive of this cause, this matter is referred to the undersigned Magistrate Judge for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. ECF No. 2. Having carefully reviewed the motion, the response, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS the Motion be GRANTED IN PART and DENIED IN PART as outlined below.

## Background

Plaintiff on May 15, 2019 was found to be disabled as of March 29, 2018, the date of Plaintiff's application. Following this finding, Plaintiff asked the Appeals Counsel to

---

[1] As of July 9, 2021, Kilolo Kijakazi is now the Acting Commissioner of Social Security. However, for consistency, this Court will continue to use the party named in the Complaint, Andrew Saul. See 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

review the ALJ's decision, arguing that the ALJ should have found that Plaintiff's disability had existed earlier than the application date.  The Council on July 11, 2019 denied Plaintiff's request for review, and Plaintiff now appeals.  Defendant seeks to dismiss Plaintiff's claims as they relate to an earlier decision to end Plaintiff's benefits as of June 30, 2013, and the determination of overpayment following that decision.

## Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal,* 556 U.S. at 678).  "A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true." *Arias*, 2018 WL 4407624, at *3 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).  "Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading." *Id.* (citing *Iqbal*, 556 U.S. at 679).

## Analysis

This Court notes at the outset that Plaintiff is pro se.  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

2

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Such complaints are "to be liberally construed." *Id.* (citations omitted.)

Reading Plaintiff's Amended Complaint, ECF No. 23, liberally, as is required, it appears that Plaintiff challenges three things.  First, Plaintiff appears to challenge the determination that Plaintiff's disability payments be discontinued in 2013 ("the 2013 decision").  Second, Plaintiff challenges the requirement that Plaintiff pay back the overpayments that the Agency sent out during the appeal of the 2013 decision.  Finally, Plaintiff challenges the 2019 decision to the extent it found Plaintiff's onset date to be March 29, 2018, rather than encompassing the entire period of alleged disability.

Defendant here argues that both Plaintiff's attempt to contest a 2013 agency determination that Plaintiff's disability ended, and Plaintiff's attempt to contest the overpayment decision resulting from that determination, are time-barred. Defendant ultimately argues that because Plaintiff did not seek judicial review within sixty days of the Appeals Council's denial of review in the 2013 case, and because Plaintiff failed to show that he exhausted administrative remedies regarding the overpayment decision, he has not shown that this Court has jurisdiction over those claims.  ECF No. 35 at 2.  Defendant does not challenge Plaintiff's right to seek a review of the agency's 2019 decision.

Defendant argues that under 42 U.S.C. §§ 402, 404, and 405, this Court lacks jurisdiction to hear Plaintiff's claims regarding the 2013 decision and overpayment.  In particular, Defendant points to 42 U.S.C. §§ 405(g), 405(h).

Defendant first directs the Court to 42 U.S.C. § 405(g), which provides in pertinent part that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the

3

amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Defendant then turns to 42 U.S.C. § 405(h), which states that:

No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Defendant argues that, given these statutes, an applicant wishing to appeal a "final decision" by the Commissioner of Social Security can do so only by filing a civil action within sixty days of receiving a notice of the decision. Said "final decision" must be obtained by following a four-step administrative review process. That process consists of 1) an initial determination, *see* 20 C.F.R. § 404.902; 2) a request for reconsideration, *see* 20 C.F.R. § 404.907; 3) a hearing before an Administrative Law Judge ("ALJ"), *see* 20 C.F.R. § 404.929; and 4) an Appeals Council review of the ALJ's decision, *see* 20 C.F.R. § 404.967. After the Appeals Council either denies the review request or issues its own decision, the claimant then has sixty days after receiving notice of the Appeals Council's decision to file her action in Federal Court, as per 42 U.S.C. § 405(g).

Defendant asserts that in the present case the Appeals Council denied Plaintiff's request for review on August 17, 2016, and therefore the time to seek the Court's intervention regarding that decision is long past. Similarly, Plaintiff's request that the overpayment be waived was denied by the agency on June 24, 2015, and there is no record that Plaintiff ever sought review of the decision.

Plaintiff responds in pertinent part[2] that he has a right to pursue his claims due to a "lack of service of notice explaining why benefits were terminated and [because he was] slammed with overpayment notice allegations without reasoning in [writing] and [that a] gap of benefits [should] be restored." ECF No. 36 at 1. Plaintiff continues that he "has rights to due process at this time and retro[active]ly pertaining to proper onset date." *Id.*

The undersigned first addresses Plaintiff's complaint as to the overpayment decision. As part of his Amended Complaint, Plaintiff attached a document from the Social Security Administration regarding Plaintiff's application for an overpayment waiver. ECF No. 23 at 26-28. The document, dated June 24, 2015, explains why the agency declined to waive Plaintiff's overpayment. In that letter, the agency stated that

> During the Disability Review your child was denied at the Reconsideration and Hearing level. Both times you have requested a payment continuance. On the payment continuance it states if your child gets denied you are responsible to pay back all of the monies you have received during the appeal period. Therefore, your waiver request will be denied

ECF No. 23 at 26.

Although Plaintiff claims the letter contained "non-specific reasoning," lacked specific dates of overpayment, and was "vague," a plain reading of the above shows that he did receive both notice and an explanation of why he owed the money that was paid during the pendency of his appeal. Plaintiff does not claim that he appealed this decision per the procedures set out in this letter, nor is there any other evidence that he did so.

---

[2]  Plaintiff styles this response as a "Reply to Defendant's Answer, Jurisdictional Exhibits and Plaintiff's Request for Most Recent Motion Filed By Plaintiff to Still Be Valid Motion for Judge to Consider Along With Plaintiff's Reply." Given Plaintiff's pro se status, the undersigned reads this liberally to the extent it responds to Defendant's Motion. The undersigned recommends that any request to reopen previous motions be denied.

Accordingly, Plaintiff's time to appeal the decision ended long ago, and any claim on this point should be dismissed.

A closer question exists as to the appeal of the 2013 cessation decision. Defendant provides an affidavit that the Appeals Council denied Plaintiff's request for review on August 17, 2016. ECF No. 35-1 at 1. Further, there is a presumption that the notice of the denial is received five days later. *See, e.g.,* 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period.")  Still, the Court is bound at this stage to take all facts alleged in Plaintiff's complaint as true.  *Reilly,* 622 F. App'x at 833. Plaintiff's complaint alleges that "Plaintiff never received all documentation," ECF No. 23 at 3, and he later affirms that there was a lack of service of notice explaining why benefits were terminated.  ECF No. 36 at 1. Accepting this statement as true, as the undersigned must, Plaintiff has at least passed the bar at this stage to adequately rebut Defendant's contention that he did indeed receive notice.   Accordingly, Plaintiff's claims on this point should survive Defendant's Motion to Dismiss.

## Recommendation

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Defendants' Motion to Dismiss, ECF No. 35, should be GRANTED IN PART AND DENIED IN PART.  Defendant's Motion should be GRANTED to the extent that any claim stemming from the 2015 overpayment determination should be dismissed.  The Motion should otherwise be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above

findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 17th day of November 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
   The Honorable K. Michael Moore
   All Counsel of Record
   Eric John Mercer
      6100 NW 8 St.
      Margate, FL 33063
      PRO SE